JONES, Justice
(dissenting):
When I am the “1” in an 8 to 1 vote on a case, I strive mightily to see my error and conform my thinking with that of such a weighty majority. My every effort in the case at bar, however, has failed to change my original position. I may not be any more right, but I am no less convinced that this Court is in error in reversing the Court of Criminal Appeals’ order setting bond pending appeal by the defendant;
*576 It is not the rule of law — the “prisoner exception” to the bail statute — with which I disagree. Indeed, the majority opinion does not on its face appear to be erroneous. The first sentence of the third paragraph reads, “It appears that respondent was arrested and committed to Jackson County jail September 19, 1975, to finish serving a three-month sentence upon a former conviction for assaulting an officer.” It is with this factual premise to which the “prisoner exception” is applied that I find myself in disagreement. The “It appears” from that statement of the majority opinion refers to the Sheriff/respondent’s return on the Petition for Writ of Habeas Corpus and the recital by the trial Court denying the petition for bond. But, as his authority for apprehending and holding the defendant, the Sheriff’s reply (in the return on the Petition for the Writ) attached the following:

The trial Court denied the petition for Writ of Habeas Corpus and a petition for bail pending appeal, reciting:
“The defendant being a prisoner under sentence and serving a sentence, the application for bail is denied.”
The facts are simple, yet essential to an understanding of the issue before us:
On October 17, 1974, Carter entered a plea of guilty to the offense of assaulting an officer with a deadly weapon while in the performance of his duties. He was fined $100 and sentenced to imprisonment in the County jail for three months. Carter paid the fine and turned himself in to the Sheriff to begin serving his sentence. He was told by the Sheriff to go home and forget about it. This he did. Eleven months later, the Sheriff, armed with the “Alias Writ of Arrest,” apprehended and confined the defendant in the County jail.
How the “prisoner exception” to the bail statute has any possible application to these facts is simply beyond my power of understanding. This is not to overlook the trial Court’s recital in his order denying bail that “The defendant being a prisoner under sentence and serving a sentence . . .” But this recital cannot overcome a totally void writ of arrest — the only purported legal basis for the Sheriff to hold the “prisoner.” Can the Constitutional guarantee against double jeopardy be circumvented by arresting and confining the defendant on a criminal offense for which he has already been tried without subjecting him to a second trial? Surely, this question is self answering.
It is axiomatic that, for the “prisoner exception” to operate as a denial of bail, there must be something at least purporting to show that the defendant “is a prisoner serving his sentence . . . ” I find it difficult to believe that the majority opinion would allow this showing to be supplied by the Court’s order denying bail. This is not only shifting the burden of proof but permitting the burden to be met by a recital in the judgment of the trial Court.
I would have no difficulty whatsoever in giving the “prisoner exception” a field of operation had the defendant been charged with violating the terms and conditions of his 90-day sentence. For example, had he been charged with escaping from the Sheriff’s custody and the Sheriff’s return on the writ supported this charge, then clearly the “prisoner exception” would have been invoked. Not so, however, when the only authority to hold the defendant is a reissued writ of arrest on a charge to which he has pleaded guilty and been sentenced eleven months earlier.
I realize the majority feels that I am confusing the denial of bail issue with the *577 merits of the habeas corpus appeal. Perhaps so; but how can the two be separated when the practical effect would be to require the defendant to serve his full 90 days or longer while waiting bondlessly in jail only to be told later that his apprehension and incarceration were void? If this is justice under the law, then I can only assume that I am missing some element essential to my proper understanding of the issue.
There is yet another reason for not overturning the Court of Criminal Appeals in this case. In so doing, this Court is saying that, when the Court of Criminal Appeals has pending before it for consideration an appeal in which bond has been denied below, we will reverse that Court’s order fixing bail pending the appeal. As a matter of policy, I would not disturb that Court’s exercise of its prerogative in granting bail during the pendency before it of a habeas corpus appeal.
If we did entertain the review, in my opinion, it would be for the limited purpose in the instant case of doing what the Court of Criminal Appeals should have already done whether acting on the petition for bail or on the habeas corpus appeal; that is, since the record shows on its face that the defendant is being illegally held, he should be ordered released and discharged forthwith.